UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

GREGORY MITCHELL )
 )
V. ) NO. 2:12-CV-476
 )
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security )

# REPORT AND RECOMMENDATION

This matter has been referred to the United States Magistrate Judge under the standing orders of the Court for a report and recommendation regarding the Motion [Doc. 11] for an award of attorneys fees to the plaintiff under the Equal Access to Justice Act ("EAJA"), 28 U. S.C. § 2412(d)(1)(A). The Commissioner does not take issue with the amounts sought, but asserts that payment must be made directly to the plaintiff himself, rather than to the plaintiff's counsel. Counsel has provided no evidence of an assignment of the EAJA fee from the plaintiff to counsel, and in any event, payment directly to counsel runs afoul of the Anti-Assignment Act, 31 U.S.C. § 3727 ["AAA"], as interpreted by the Supreme Court in *Astrue v. Ratliff*, 130 S.Ct. 2521, 2525-2526 (2010).

The plaintiff's case was recently remanded, upon a joint motion fo the parties, by the District Judge to the defendant Commissioner for further administrative review. While this fact makes plaintiff entitled to fees under the EAJA, attorney fees under the Social Security Act itself can only be awarded if the plaintiff is ultimately awarded benefits. Should the plaintiff be awarded past due benefits, counsel will be required to refund whichever fee is smaller; either the fee under the EAJA, or the fee under the Social Security Act.

In order to be entitled to an award of attorney fees and expenses under the Equal Access to Justice Act, all of the conditions set forth in 28 U.S.C. § 2412(d)(1)(A), (B) must be met. These are that:

(1) the party seeking the fees is the "prevailing party" in a civil action brought by or against the U.S.,

(2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of final judgment in the action,

(3) the position of the government is not substantially justified and

(4) no special circumstances make an award unjust.

The Magistrate Judge finds that all of these factors are met in this case.

Plaintiff's counsel has requested that the EAJA attorney fees, costs and expenses be paid directly to him rather than to the plaintiff. However this is inappropriate for two reasons. First, counsel has not provided evidence of an assignment of the fee from his client to him. Second, and more significantly, before any amount is payable to anyone, the United States has the right under the AAA to determine if the plaintiff has a preexisting indebtedness to the United States which the amount awarded as a fee under the EAJA may offset. *See, Ratliff, supra.*

The Court presumes that once it approves the award of fees and costs, the inquiry will be promptly made of the Treasury Department as to whether any such indebtedness to the United States exists.

An affidavit of the hours expended by plaintiff's counsel and the costs incurred has been submitted. The undersigned finds both to be reasonable. No request was made for an

2

award of costs.

It is recommended that the plaintiff's Motion be GRANTED, and that plaintiff be awarded EAJA fees in the amount of $$1,062.50, costs in the amount of $350, and expenses in the amount of $17.85.[1] Said payment shall be made to the plaintiff once the United States has determined that no indebtedness exists owing by the plaintiff to the United States under the AAA.[2]

Respectfully recommended:

s/ Dennis H. Inman
United States Magistrate Judge

---

[1] The $17.85 requested reimbursement for postage is not a "cost," but is recoverable as an expense.

[2] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947-950 (6th Cir. 198l); 28 U.S.C. § 636(b)(1)(B) and (C).